HAYNES, Circuit Judge,
concurring:
I concur fully in the majority opinion. Specifically, I agree that Calhoun has not shown reversible plain error as a result of the prosecutor’s remarks. That said, I write separately to express deep concern about this conduct.
First, it should be very clear (certainly to a lawyer licensed thirty-seven years in Texas) that such racially-charged comments are completely inappropriate for any lawyer. Tex. Disciplinary Rules of Prof’l Conduct R. 5.08. Next, it is particularly inappropriate for an Assistant United States Attorney — a prosecutor — to behave this way. Prosecutors are held to a higher standard than even the high professional standards applicable to all attorneys. Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); see also Tex. Disoiplinary Rules of Prof’l Conduct R. 3.09, cmt. 1 (“A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate.”). “The United States Attorney is the representative ... of a sovereignty ... whose interest ... in a criminal prosecution is not that it shall win a ease, but that justice shall be done.... He may prosecute with earnestness, ... [b]ut, while he may strike hard blows, he is not at liberty to strike foul ones.” Berger, 295 U.S. at 88, 55 S.Ct. 629 (emphasis added). It is hard to think of a more foul blow than implying that the race or national origin of a group of people has anything to do with whether Calhoun should have known they were involved in dealing drugs.
Finally, perhaps the most troubling of all is how the United States Attorney’s Office has handled this matter thereafter. While I do not fault the determination to argue in favor of sustaining the verdict, I am dismayed by the cavalier approach to this situation. The Government’s brief calls the question “impolitic” and states: “even assuming the question crossed the line,” as if that is in doubt. Let me clear up any confusion — the question crossed the line. An apology is in order, and I do not see it in the briefing. Indeed, it should trouble the Assistant United States Attorney in question and all those in his office not just that he said such a thing, but that he thought it. The title “prosecutor” — indeed, the title “lawyer” — demands better. I hope I will not have to say this again.